# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MENDOZA and JAMES HUNT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>    Defendant.<br>_____/ | Case No. 1:17-cv-00839-LJO-SKO<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO COMPLAINT PURSUANT TO LOCAL RULE 144(c)**<br><br>(Doc. 6) |

## INTRODUCTION

Pending before the Court is Defendant Electrolux Home Products, Inc.'s "Ex Parte Application for an Order Extending the Time to Respond to the Complaint Pursuant to Local Rule 144(c)" (the "Application"). (Doc. 6.) For the reasons set forth below, Defendant's Application is GRANTED.

## BACKGROUND

On May 19, 2017, Plaintiffs Erika Mendoza and James Hunt (collectively "Plaintiffs") filed this putative class action against Defendant Electrolux Home Products, Inc., in the Superior Court of the State of California, County of Stanislaus, alleging causes of action for violations of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; Unfair Competition

1  Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and Song-Beverly Consumer Warranty Act, Civ.
2  Code section 1790 *et seq*. (Doc. 1-1 (the "Complaint").)  Defendant accepted service of the
3  Complaint on May 30, 2017, *id.*, and on June 22, 2017, timely removed the case to this Court.
4  (Doc. 1.)  On June 23, 2017, Defendant filed a Motion to Transfer to the Middle District of
5  Pennsylvania pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer") on the basis that this
6  action should be heard in conjunction with the consolidated action currently pending there, which
7  Defendant contends involves the same allegations and claims that support the basis of Plaintiffs'
8  claims in this case.  (Doc. 4.)  The Motion to Transfer is set for hearing by the Court on August 9,
9  2017.  (Doc. 5.)

10  Because Defendant did not file an answer before removal, Defendant's time to respond to
11  the Complaint is governed by Rule 81(c)(2) of the Federal Rules of Civil Procedure, which
12  provides that Defendant must answer or present other defenses or objections under the Rules
13  within: (1) 21 days after receiving—through service or otherwise—a copy of the initial pleading
14  stating the claim for relief; (2) 21 days after being served with the summons for an initial pleading
15  on file at the time of service; or (3) 7 days after the notice of removal is filed, whichever is the
16  longest time period.  *See id.*  Here, the longest period under Rule 81(c)(2) is 7 days after
17  Defendant's notice of removal was filed on June 22, 2017.  Defendant's deadline to respond to the
18  Complaint is, therefore, June 29, 2017.

### **DISCUSSION**

20  On June 27, 2017, Defendant filed its Application seeking an enlargement of its deadline
21  to respond to the Complaint in view of its pending Motion to Transfer.  (Doc. 6.)  Under Federal
22  Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the
23  court may, for good cause, extend time."  Similarly, under Rule 144(c) of the Local Rules of the
24  United States District Court, Eastern District of California, "[t]he court may, in its discretion,
25  grant an initial extension" of time "ex parte upon the affidavit of counsel that a stipulation
26  extending time cannot reasonably be obtained, explaining the reasons why such a stipulation
27  cannot be obtained and the reasons why the extension is necessary."
28  //

2

Defendant's counsel has submitted an affidavit indicating that the parties were unable to agree to an extension of the responsive pleading deadline.  (*See* Doc. 7, Declaration of Caitlin C. Blanche in Support of Ex Parte Application ("Blanche Decl.") ¶¶ 5–6 and Ex. A.)  Defendant requests that the responsive pleading deadline be extended to allow time for the Court to rule on the Motion to Transfer, and in view of Plaintiffs' counsel's indication that they intend to oppose the Motion to Transfer and move to remand the action to state court. (Doc. 6; Blanche Decl. ¶ 5.)

Extending Defendant's time to answer or otherwise respond to the Complaint until after its Motion to Transfer has been ruled upon would conserve judicial resources.  It does not appear that Plaintiffs be prejudiced by the extension—particularly in view of their expressed intent to seek remand of this action.

**ORDER**

Accordingly, the Court finds that Defendant has established good cause to warrant the extension of time and GRANTS the Application.  (Doc. 6.)  Based on the foregoing, it is HEREBY ORDERED that Defendant shall have until 7 days after the Court's ruling on the pending Motion to Transfer (Doc. 4) to respond to the Complaint.

IT IS SO ORDERED.

Dated: __**June 28, 2017**__                         /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE