# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA MENDOZA and JAMES HUNT, Individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs.<br><br>    v.<br><br>ELECTROLUX HOME PRODUCTS, INC.; SHARP MANUFACTURING COMPANY OF AMERICA, a division of SHARP ELECTRONICS CORPORATION; SHARP APPLIANCES THAILAND LIMITED; MIDEA AMERICA CORP.; MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD; LOWE'S HOME CENTERS, LLC; MODESTO DIRECT APPLIANCE, INC.; and ABC CORP. 1-10;<br><br>    Defendants. | No. 4:17-CV-02028<br><br>(Judge Brann) |
| ELAINE RICE and ALEX KUKICH, Individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>    Defendant. | No. 4:15-CV-00371<br><br>(Judge Brann) |

| | |
|---|---|
| DEAN MAURO, Individually, and on behalf of all others similarly situated, | No. 4:18-CV-00539 |
| Plaintiffs. | (Judge Brann) |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC.; MIDEA AMERICA CORP.; MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD; and LOWE'S HOME CENTERS, LLC. | |
| Defendants. | |

**MEMORANDUM OPINION**

**AUGUST 20, 2018**

Before the Court is Plaintiffs Erika Mendoza and James Hunt's Motion for Retransfer to the United States District Court for the Eastern District of California, or in the alternative, to Consolidate this Action with the Rice/Kukich Consolidated Action. For the reasons that follow, retransfer will be denied. Consolidation of this case with the Rice/Kukich v. Electrolux Home Products, Inc., No. 4:15-cv-00371, and Mauro v. Electrolux Home Products, Inc., et al., No. 4:18-cv-00539, in the interest of judicial economy, will be ordered. Plaintiffs' Motion, to the extent it seeks consolidation, is therefore granted.

## I.     BACKGROUND

On February 18, 2015, Elaine Rice ("Plaintiff Rice") filed a consumer class action in this Court against Electrolux Home Products, Inc. ("Defendant Electrolux") alleging that a microwave handle used in Defendant Electrolux's microwaves is defective ("Rice Action"). Plaintiff Rice specifically alleged that this handle can reach temperatures of over 168°F when the range below is activated, and that this high temperature presents a "risk of serious injury" to anyone who touches it.[1] Following the resolution of an initial motion to dismiss and motion to strike,[2] Defendant Electrolux filed an Answer and the parties began factual discovery.[3] Discovery proved complicated, and this Court, by Memoranda and Orders dated June 17, 2016 and January 10, 2017, resolved both a Motion to Compel and a subject matter jurisdiction challenge.[4] The Rice Action has since progressed through discovery.

Following the transfer of another action based on Defendant Electrolux's alleged defective microwave handles from the District of Maryland to this Court, the parties, by stipulation, proposed both the consolidation of this action ("Kukich Action") with the Rice Action, and the filing of a consolidated amended

---

[1]   Rice/Kukich Action, No. 4:15-cv-00371 ("Rice/Kukich Action"), ECF No. 1.

[2]   Rice/Kukich Action, ECF No. 24.

[3]   Rice/Kukich Action, ECF Nos. 26, 29.

[4]   Rice/Kukich Action, ECF Nos. 80, 106.

complaint.[5] I adopted that stipulation and Plaintiffs Rice and Kukich thereafter filed a Consolidated Amended Class Action Complaint in this now restyled Rice/Kukich Action.[6] Although currently subject to a Rule 12(b)(6) challenge, this Amended Complaint alleges the following causes of action: (1) declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.*; (2) strict liability-design defect and failure to warn; (3) negligent failure to warn; (4) violation of the Magnuson Moss Consumer Products Warranties Act, 15 U.S.C. § 2301 *et seq.;* (5) breach of implied warranty of merchantability; (6) breach of express warranty; and (7) negligence.[7]

During the pendency of the Rice/Kukich action, two cases were transferred to this court: <u>Mendoza v. Electrolux Home Products, Inc., et al.</u>, No. 4:17-CV-02028 ("Mendoza Action") and <u>Mauro v. Electrolux Home Products, Inc., et al.</u>, No. 4:18-cv-00539 ("Mauro Action"). The Mendoza Action was commenced in the Eastern District of California and transferred to this Court on November 20, 2017.[8] The parties did not stipulate to consolidation with the Rice/Kukich Action as had occurred when the Kukich Action was transferred to this Court.

While subject to multiple Rule 12(b)(6) challenges, the operative complaint in the Mendoza Action alleges the following causes of action: (1) violation of

---

[5] Rice/Kukich Action, ECF Nos. 114.

[6] Rice/Kukich Action, ECF Nos. 115, 116.

[7] Rice/Kukich Action, ECF Nos. 137.

[8] Mendoza Action, No. 4:17-cv-02028, ECF No. 50.

California's Consumers Legal Remedies Act, (2) violation of California's Unfair Competition Law, and (3) violation of California's Song-Beverly Consumer Warranty Act.[9]  Beyond the pleading challenges filed by various defendants since this case's transfer, Plaintiffs in the Mendoza action filed the instant motion to retransfer this action or, in the alternative, consolidate it with the Rice/Kukich and Mauro actions.[10]

The Mauro Action was commenced in the Northern District of New York and transferred to this Court on March 6, 2018.[11]  This action alleges the following causes of action: (1) violation of New York General Business Law, (2) violation of the Magnuson-Moss Consumer Products Warranties Act, (3) breach of implied warranty of merchantability, and (4) unjust enrichment.[12]  Again, like the Mendoza Action, the parties did not stipulate to the consolidation of this matter with the Rice/Kukich Action or the Mendoza Action.  Rather, the defendants filed another spate of motions to dismiss, and Plaintiffs filed a Motion to Retransfer to the Northern District of New York.  The spate of motions filed in the Rice/Kukich, Mendoza, and Mauro Actions are all ripe for disposition.

---

[9]   Mendoza Action, No. 4:17-cv-02028, ECF No. 59.

[10]  Mendoza Action, No. 4:17-cv-02028, ECF No. 106.

[11]  Mauro Action. No. 4:18-cv-00539, ECF No. 38.

[12]  Mauro Action. No. 4:18-cv-00539, ECF No. 49.

## II.   ANALYSIS

### A. Whether This Action Should be Retransferred to the Eastern District of California

Because retransfer of this action would necessarily relieve this Court of merits determination, I will first address the arguments which Plaintiffs advance in their Motion for Retransfer and/or Consolidation.[13] On this point, Plaintiffs argue that retransfer is necessary (1) because this Court lacks personal jurisdiction over Defendants Sharp Manufacturing Company of America, Midea America Corporation, and Modesto Direct Appliance, Inc; and (2) because Defendant Electrolux's opposition to consolidation frustrates the purpose of this case's original transfer.[14] Neither argument warrants retransfer.

Retransfer of venue by a transferee court is appropriate where circumstances have changed such that the original purposes of transfer have been frustrated.[15] Here, Plaintiffs in the Mendoza Action filed an Amended Complaint following transfer which added Sharp Manufacturing Company of America ("SMCA"), Midea America Corporation ("Midea America"), and Modesto Direct Appliance,

---

[13]   *See generally* ECF No. 107; ECF No. 137.

[14]   *Id.*

[15]   *HAB Carriers, Inc. v. Arrow Truck Sales, Inc.*, No. 07-4390, 2009 WL 2589108, at *1 (D.N.J. Aug. 21, 2009)(noting that, while Our Court of Appeals has not decided a case concerning retransfer, the Fifth Circuit has adopted a standard whereby retransfer is appropriate "under the most impelling and unusual circumstances or if the transfer order is 'manifestly erroneous'")(quoting *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983)).

Inc. ("Modesto") as defendants.[16] Plaintiffs now argue that retransfer of this action is appropriate because this Court lacks jurisdiction over these added Defendants.[17] To be sure, Title 28 of the United States Code, Section 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Contrary to the assertion of Plaintiffs, however, personal jurisdiction is not lacking over the Defendants at issue.

Personal jurisdiction exists where the defendant has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[18] There are, in turn, two types of personal jurisdiction: general jurisdiction, and specific jurisdiction.[19] However, because the requirement of personal jurisdiction is "an individual right," it may be waived through either express or implied consent by the at-issue

---

[16]  ECF No. 61.

[17]  *See generally* ECF No. 107.

[18]  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

[19]  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

defendant.[20]   Here, Defendants Modesto and Midea America together argue that this Court has personal jurisdiction (1) over them pursuant to their waiver of challenge to same, and (2) over SMCA by virtue of its registration as a foreign corporation in the state.[21]  I agree.

First, I note that both Modesto and Midea America have waived any challenge to the personal jurisdiction of this Court.  Indeed, "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits **or** demonstrates a willingness to engage in extensive litigation in the forum."[22]   Modesto and Midea America have done both.  In their briefs in opposition, Modesto and Midea America have explicitly stated their consent to this Court's exercise of personal jurisdiction over them.[23]   Moreover, this waiver is memorialized by the absence of any jurisdictional challenge in their filed motions to dismiss and their willingness to engage in a merits analysis.[24]

---

[20] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982).

[21] *See* ECF No. 119; ECF No. 120.

[22] *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litigation*, 15 F.3d 1230, 1236 (3d Cir. 1994)(emphasis added).

[23] *See* ECF No. 119, at 9 ("This Court has jurisdiction over Midea America and Modesto because both parties waived this issue by not raising a challenge to personal jurisdiction in their motions to dismiss"); ECF No. 120, at 15-17.

[24] *See generally* ECF No. 95 (seeking dismissal of Plaintiffs' claims against Midea America for myriad of merits-based reasons); ECF No. 77 (seeking dismissal of Plaintiffs' claims against Modesto for myriad of merits-based reasons).

More challenging, but similarly unavailing, is the issue of this Court's jurisdiction over SMCA.  One way in which consent may be effectuated is through "state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures."[25]    In this matter, both Plaintiffs and SMCA argue—albeit for the different reasons—that personal jurisdiction over it is wanting.  Co-Defendants Modesto and Midea America, however, contend a well-tested argument that, by virtue of its registration to do in business in Pennsylvania, SMCA has consented to the general jurisdiction of courts within Pennsylvania.[26]

Pennsylvania's long-arm statute reads as follows:

> a) General rule.--**The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person**, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> . . .
>
> > (2) Corporations.--
> >
> > > **(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth**.[27]

---

[25]   *Insurance Corp. of Ireland, Ltd,* 456 U.S. at 703-04.

[26]   *See* ECF No. 119, at 6; ECF No. 120, at 14-15.

[27]   42 Pa. Cons. Stat. § 5301.

- 9 -

Based on this language, the Third Circuit in *Bane v. Netlink, Inc.* explicitly held that a defendant who is authorized to do business in Pennsylvania has, under Section 5301(a)(2)(i), consented to the exercise of personal jurisdiction by Pennsylvania courts.[28] At first blush, this holding should end the argument. Plaintiffs and SMCA, however, contend that *Bane* has since been implicitly abrogated by more recent Supreme Court personal jurisdiction cases, including *Daimler AG v. Bauman*, 571 U.S. 117 (2014).[29] While this argument has created a divergence of opinion among my sister district courts,[30] I find those who have read

---

[28]   925 F.2d 637, 641 (3d Cir. 1991).

[29]   ECF No. 107, at 11-13; ECF No. 131; ECF No. 137, at 19-21.

[30]   Cf. *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016); *Allstate Insurance Company v. Electrolux Home Products*, No. 18-cv-3707377, at *5 (E.D.Pa. Aug. 3, 2018); *Pager v. Metropolitan Edison*, No. 17-cv-00934, 2018 WL 491014, at *2 (M.D.Pa. Jan. 19, 2018); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-cv-665, 2017 WL 3129147, at *11 (E.D.Pa July 24, 2017); *Hegna v. Smitty's Supply, Inc.*, No. 16-cv-3613, 2017 WL 2563231, at *4 (E.D. Pa. June 13, 2017); *Webb-Benjamin, LLC v. International Rug Group*, --A.3d--, 2018 WL 3153602, at *5 (Pa. Super. Ct. June 28, 2018); *Otsuka Pharm. Co. v. Mylan, Inc.*, 106 F. Supp. 3d 456, 467 (D.N.J. 2015) ("[C]onsent, whether by registration or otherwise, remains a valid basis for personal jurisdiction following . . . *Daimler*."); *Acorda Therapeutics, Inc. v. Mylan Pharm., Inc.*, 78 F. Supp. 3d 572, 584 (D. Del. 2015), *aff'd* 817 F.3d 775 (3d Cir. 2016), *cert. denied* 137 S. Ct. 625 (2017) ("One manner in which a corporation may be deemed to have consented to the jurisdiction of the courts in a particular state is by complying with the requirements imposed by that state for registering or qualifying to do business there.") with *AstraZeneca AB v. Mylan Pharm., Inc.* 72 F. Supp. 3d 549, 556 (D. Del. 2014)(finding that a party's compliance with Delaware's registration statutes "cannot constitute consent to jurisdiction" because "[f]inding mere compliance with such statutes sufficient to satisfy jurisdiction would expose companies with a national presence . . . to suit all over the country, a result specifically at odds with *Daimler*"); *Rittinger v. Keystone Maintenance Services Corporation*, No. 17-cv-0453, 2018 WL 3455856 (M.D.Pa. July 18, 2018).

*Bane* as continuing to confer personal jurisdiction over corporations registered in Pennsylvania to be in the right.  Here's why.

In *Daimler*, the Supreme Court restricted general personal jurisdiction over a foreign corporation to fora where the corporation was "essentially at home."[31]  The formulated definition of "at home" includes a corporation's principal place of business and its place of incorporation.[32]  Here, SMCA is not "at home" in Pennsylvania under this definition.  However, as noted by the cases which continue to follow *Bane*, significant is what the Daimler Court **did not** say concerning **consent to jurisdiction**.  Rather, the sole discussion regarding consent involves a reference to *Perkins v. Benguet Consol. Mining Co.*, where general jurisdiction was found over a foreign corporation that had "not consented to suit in the forum."[33]  This recognition of consent, in the absence of further discussion questioning its viability, negates the argument that *Daimler* in some way rendered *Bane* abrogated.

This Court therefore remains bound by the Third Circuit's holding in *Bane*, and thus can exercise personal jurisdiction over SMCA in this matter pursuant to consent evidenced by its registration to do in business in Pennsylvania.

---

[31]  *Daimler*, 571 U.S. at 138.

[32]  *Id.*

33 *Id.* (internal quotations and citations omitted).

### B. Whether This Action Should be Consolidated with the *Rice/Kukich* and *Mauro* Actions

Also encompassed within Plaintiffs' Motion for Retransfer is the argument that, because Defendant Electrolux has not consented to consolidation with the *Rice/Kukich* and *Mauro* actions post-transfer, retransfer is appropriate as the underlying impetus for transfer has been frustrated.  As an alternative to retransfer, and should this Court find personal jurisdiction over various defendants (as it did above), Plaintiffs request that the Court, over the objection of these same Defendants, exercise its discretion and consolidate these actions.  I will first address whether consolidation of this action with *Rice/Kukich* and *Mauro* actions is appropriate under Federal Rule of Civil Procedure 42.  If I find consolidation is inappropriate, the Court will only then address whether that decision completely frustrates the purpose of transfer so as to mandate retransfer.

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate separate actions that are pending before the court if the actions "involve a common question of law or fact."[34]  The intent of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort."[35]  A district court has broad power to consolidate actions that involve a common question of

---

[34] Fed. R. Civ. P. 42(a).

[35] *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)(quoting *In re Prudential Secs. Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 562, 571 (S.D.N.Y. 1994)).

law or fact.[36] Guiding that discretion, however, is a consideration of "the savings of time and effort . . . against the prejudice, inconvenience, or expense that [consolidation] might cause."[37]

Here, as the party moving for consolidation, Plaintiffs bear the burden of demonstrating its appropriateness.[38] They make the following arguments toward satisfying that burden. First, Plaintiffs argue that the *Rice/Kukich*, *Mendoza*, and *Mauro* actions share a common factual background, i.e. they all involve the Over-the-Range Microwaves with the same alleged stainless steel handle defect.[39] Therefore, because the purpose of transfer to this district in both actions was the purpose of judicial economy, Plaintiffs aver that this purpose in essence mandates both the consolidation of these actions, and the filing of a single consolidated complaint.[40] The Defendants in turn largely recognize that the efficiency of the transferring courts must be effectuated in some way, and offer a myriad of options to accomplish that goal.

The only Defendant opposing consolidation outright is SMCA. Indeed, SMCA argues that Plaintiffs' claims against it in the instant matter cannot be

---

[36] *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (citation omitted).

[37] *Brown v. Access Midstream Partners, L.P.*, No. 14-cv-0591, 2015 WL 1471598, at *1 (M.D.Pa. Mar. 31, 2015)(citations omitted).

[38] *See Borough of Olyphant v. PPL Corp.*, 153 F.App'x. 80 (3d Cir. 2005).

[39] *See* ECF No. 107, at 19.

[40] *Id.* at 19-22.

consolidated with those against defendants in the *Rice/Kukich* and *Mauro* actions because this Court lacks jurisdiction. SMCA continues that, because Federal Rule of Civil Procedure 42(a) only allows for consolidation of "actions before the Court," the lack of personal jurisdiction over SMCA in Pennsylvania renders this action not "before the Court" and Rule 42 inapplicable.[41] Given this Court's determination that personal jurisdiction over SMCA exists in Pennsylvania, this argument is moot in considering whether consolidation is appropriate.

Midea America opposes wholesale consolidation of this case, but recommends, in essence, discovery sharing. It specifically argues that, because neither Plaintiffs Rice nor Kukich purchased a purchased a microwave from Midea China, but instead Sharp Thailand, they are not a proper defendant to those plaintiffs, and consolidation would prejudice them. Furthermore, Midea American states that consolidation would result in the addition of claims beyond the California statutory claims characterizing this action, including Pennsylvania, Maryland, and New York statutory claims and Maryland and New York common law tort claims.[42] Midea America cites the potential confusion for a jury which would result from being instructed on the law of four different states.[43] In the face of this prejudice, Midea America posits an alternate path for achieving the judicial

---

[41] ECF No. 118, at 12.

[42] ECF No. 119, at 13.

[43] *Id.*

economy envisioned by the transferring courts—extending the protective order in the Rice/Kukich action to this and the Mauro actions, thereby allowing for easier sharing of discovery.[44]

Having considered the positions of the parties and the procedural postures of the respective cases, the Court agrees that consolidation at this juncture for purposes of discovery and pre-trial management is appropriate to accomplish the goal of judicial economy envisioned by Rule 42. First, I note that, while the instant matter and the Rice/Kukich and Mauro matters invoke the state law of California, Pennsylvania, Maryland, and New York respectively, they nevertheless involve the same general factual background, i.e. a potentially defective stainless steel microwave handle. That factual dispute concerning defectiveness rests at the heart of all of these matters. The parties agree that discovery in the advanced Rice/Kukich action is relevant to this dispute and should be shared among the parties. Moreover, and as recognized by the transferring courts, these actions contain substantially similar and at times overlapping legal claims. For instance, like the Rice/Kukich action, the Mauro action raised causes of action including violation of the Magnuson-Moss Consumer Products Warranties Act, 15, U.S.C. § 2301, and breach of implied warranty of merchantability.[45] Also like Rice/Kukich,

---

[44] *Id.* at 14-15.

[45] Cf. ECF No. 137 in Rice/Kukich v. Electrolux Home Products, Inc., No. 4:15-cv-00371 with ECF No. 47 in Mauro v. Electrolux Home Products, Inc., No. 18-cv-00539.

the Mendoza action contains both (1) a claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act, and (2) a UCL claim based in part on a violation of the Magnuson Moss Warranty Act.[46]

Given that the same factual background colors the actions before me and the significant overlap of claims, common sense dictates that consolidation of some kind will further the interest of judicial economy. Two concerns, however, temper the extent of consolidation appropriate. First, significant discovery has already taken place in the Rice/Kukich action, and consolidation may, to some extent, slow the continued progress of that case. While this advanced posture of discovery in the Rice/Kukich action as compared to the Mauro and Mendoza actions may recommend against consolidation, it does not "preclude consolidation automatically."[47] Rather, this fact remains but one consideration in determining the propriety of consolidation.[48]

Despite that caveat, the benefits of consolidation for discovery and pre-trial management are considerable. First, rather than determine the common issues to these cases piece meal, consolidated proceedings will allow the Court to educate

---

[46] *See Rice/Kukich v. Electrolux Home Products, Inc.*, No. 4:15-cv-00371; *Mendoza v. Electrolux Home Products, Inc. et al.*, No. 4:17-cv-02028; *Mauro v. Electrolux Home Products, Inc. et al.*, No. 4:18-cv-00539.

[47] 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Civil 3d.1995).

[48] *See Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.Del. 1981)(consolidating cases which were at different procedural postures because "delay occasioned by consolidation is substantially outweighed by the benefits").

itself on the facts and complex legal issues common to all actions on one occasion and in one opinion. Second, the parties themselves stand to benefit from sharing of discovery already completed in the Rice/Kukich action and the ability to respond to the opposing parties' arguments in one consolidated pleading rather than across three docket sheets. Third, and perhaps most persuasively, the Court believes consolidation, while potentially slowing the progress of the Rice/Kukich action as it currently stands, will ultimately result in expedited resolution of <u>all issues</u> before the Court.

Midea America, however, rightly points out the potential for confusion and prejudice at trial given that the Rice/Kukich, Mendoza, and Mauro actions bring claims under Pennsylvania, Maryland, California, and New York law, respectively, as stated above. Midea America is also correct that the potential for juror confusion among the various claims and against differing defendants to those claims does weigh against consolidation.[49] However, the limited consolidation which will be ordered here—discovery and pre-trial management—should account for the concerns of this lone objector. I will reserve for future determination the propriety of consolidation of these actions at trial.[50]

---

[49] *Id.*

[50] *See, e.g., Eastman Chemical Co. v. AlphaPet, Inc.*, 2011 WL 7121180, at *9 (D.Del. Dec. 29, 2011)(consolidating for purposes of pre-trial management, but otherwise reserving the issue of consolidation at trial)(collecting cases); *Chito v. Hilcorp Energy Co.*, 2015 WL 5084313,

Having determined that consolidation of discovery and pre-trial management in the interest of judicial economy is appropriate, the Court must next fashion a workable timeline to close the pleadings in this consolidated action and advance this case in an efficient manner. To that end, I find that the most sensible option is to require Plaintiffs to submit a consolidated amended complaint encompassing, but not expanding, the claims within the *Rice/Kukich*, *Mendoza*, and *Mauro* actions.[51] While this filing will necessarily moot the pending motions to dismiss in all three actions,[52] this course of conduct will prevent the Court from having to address potentially duplicative motions to dismiss *ad seriatim*. Furthermore, this practice will bring about a closure of the pleadings sooner, and in uniformity, and therefore allow the parties to expeditiously complete remaining discovery and file a class certification motion.

Accordingly, the parties shall meet and confer concerning the required time to complete discovery and file class certification and dispositive motions in this action. Contemporaneous with the filing of the consolidated amended class action

---

at *1 (W.D.Pa. Aug. 27, 2015)(consolidating cases for purposes of discovery and pretrial proceedings only).

[51] *See Filbert v. Westmoreland Cty. Prison*, 674 F.App'x. 242, 244 (3d Cir. 2017)(approving district court's decision requiring a plaintiff to file a consolidated amended complaint after consolidating his section 1983 actions).

[52] *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)("An amended complaint supercedes the original version in providing the blueprint for the future course of litigation."); *see also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2015).

complaint, the parties shall file an amended proposed case management order for this Court's review and potential adoption.

## III. CONCLUSION

Based on the above reasoning, this Court makes the following case management actions. First, Plaintiffs Motion for Retransfer and/or consolidation is denied to the extent it seeks retransfer, but granted to the extent it seeks consolidation with Rice/Kukich v. Electrolux Home Products, Inc., No. 4:15-cv-00371, and Mauro v. Electrolux Home Products, Inc., et al., No. 4:18-cv-00539.

To effect this consolidation and to expeditiously progress these cases, Plaintiffs in the now consolidated action are directed to file an Amended Complaint within thirty (30) days of this Order. Because the filing of this Consolidated Amended Complaint would necessarily supersede the complaints of the now separate actions, motions to dismiss in all three actions will be denied as moot without prejudice to the parties refiling in response to the consolidated complaint.

The parties are also directed to meet and confer concerning case management deadlines in this case. Contemporaneous with the filing of a consolidated amended complaint, the parties shall file a proposed case management order for this Court's review and potential adoption which contains

deadlines allowing for additional needed discovery and the filing of any class certification motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge