56w

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MENDOZA, JAMES HUNT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., et al.,<br><br>Defendants. | Case No.  1:20-cv-01133-DAD-BAM<br><br>**ORDER DENYING REQUEST TO SEAL DOCUMENTS WITHOUT PREJUDICE**<br><br>(Doc. No. 164) |

Before the Court is Defendants Electrolux Home Products, Inc., Lowe's Home Centers, LLC and Modesto Direct Appliance, Inc.'s (collectively "Defendants") request to seal documents. (Doc. No. 164.) Defendants seek a court order authorizing the sealing of the following documents or portions of documents:

1. The Amended Complaint of Erika Mendoza, James Hunt, and all others similarly situated (collectively "Plaintiffs") at Paragraphs 8, 9, 42 (in part), 43 (in part), 44 (in part), 50, 54, 56 (in part), 59 (in part), 60 (in part), 62 (in part), 63 (in part), 68 (in part), 70 (in part), 72 (in part), 76 (in part), 77 (in part), 78 (in part), 83 (in part), 98 (in part), 99 (in part), 103 (in part), 136 (in part), 137 (in part), 138 (in part), 139 (in part), 140 (in part), 141 (in part), 142, 144 (in part), 145, 146 (in part), 147, 148, 149 (in part), 151 (in part), 152 (in part), 153, 156, 198 (in part), 200 (in part), 216 (in part); and

2. Exhibits B and I to the Amended Complaint.

(*Id.* at 2.) Defendants assert that good cause supports sealing these identified portions of the

1

1  Amended Complaint and the specific exhibits because they contain confidential and proprietary
2  information, and the public disclosure of the same would cause substantial competitive injury to
3  Defendants, and because the disclosure of the same would violated Defendants' privacy rights
4  under California law.  (*Id.*)
5       Plaintiffs submitted an opposition pursuant to Local Rule 141(c).

## **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  The "good cause" standard presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678.  The "compelling reasons" standard requires showing more than just "good cause."  *In re Qualcomm Litig.*, No. 3:17-CV-00108-GPC-MDD, 2019 WL 845659, at *1 (S.D. Cal. Feb. 21, 2019) (citing *Kamakana*, 447 F.3d at 1180).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." <u>Kamakana</u>, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Although the "Ninth Circuit has yet to specify whether a party seeking to seal a complaint, or portions thereof, must meet the 'compelling reasons' or 'good cause' standard, *see Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15-cv-00579 KJN P, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015), district courts considering the issue generally conclude that the "compelling reasons" standard applies. *See, e.g., Wasito v. City of San Diego*, No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but ... courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit.") (citation omitted); *In re Qualcomm Litig.*, 2019 WL 845659, at *1; *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (applying the "compelling reasons" standard to motion to seal portions of amended complaint); *Harrell*, 2015 WL 1405567, at *1; *Mack v. Dearborn Nat'l Life Ins. Co.*, No. 2:14-CV-1665-KJM-DAD, 2014 WL 12572866, at *1 (E.D. Cal. Aug. 26, 2014) (applying the "compelling reasons" standard and not the "good cause" standard to motion to seal complaint and exhibits); *In re NVIDIA Corp. Derivative Litig.*, No. C 06–06110 SBA, 2008 WL 1859067, *3 (N.D. Cal. Apr.23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard."); *cf. United States ex rel. Schmuckley v. Rite Aid Corp.,* No. 2:12-cv-01699-KJM-EFB, 2020 WL 4898160, at *2 (E.D. Cal. Aug. 20, 2020) (applying "good cause" standard to motion requesting leave to amend).

## **DISCUSSION**

As indicated in their notice, Defendants request to seal portions of the amended complaint under the "good cause" standard. The Court has determined, however, that a request to seal all or part of a complaint must clearly meet the "compelling reasons" standard and not the "good cause" standard. Because Defendants have not addressed the "compelling reasons" standard in support of their sealing request, the request will be denied without prejudice. Moreover, information before the Court suggests that Defendants request to seal several portions of the amended

complaint that are already included in other public documents.  Defendants have proffered no basis to overcome the strong presumption in favor of public access to information that is already in the public domain.

## CONCLUSION AND ORDER

For the reasons stated, Defendants' request to seal documents (Doc. No. 164) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **September 30, 2020**            /s/ *Barbara A. McAuliffe*      
                                         UNITED STATES MAGISTRATE JUDGE