UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MENDOZA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS INC., et al.,<br><br>Defendants. | No. 1:20-cv-01133-DAD-BAM<br><br>ORDER GRANTING REQUEST TO SEAL<br><br>(Doc. No. 197) |

On November 30, 2020, defendant Sharp Appliances Thailand Limited filed a motion to dismiss in this action. (Doc. No. 198.) In connection with that motion, defendant filed a notice of a request to file a document under seal pursuant to Local Rule 141. (Doc. No. 197.) Having reviewed the document that defendant seeks to have sealed, the court will grant defendant's request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

/////

/////

/////

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a

/////

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[2]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**ANALYSIS**

Because defendant requests sealing in connection with a motion to dismiss, the "compelling reasons" standard plainly applies. Even under that higher standard, however, the court finds that the document in question should remain sealed. Defendant requests to file under seal an unredacted version of its memorandum of law and points of authorities in support of its motion to dismiss, and a publicly viewable redacted version. (Doc. No. 197 at 1–2.) Defendant states that the redacted version redacts text that specifically refers to paragraph 76 of the amended complaint—a paragraph that the court already ordered redacted due to it containing confidential trade secret information which is not publicly available and is kept private by defendant Electrolux Home Products, Inc. and its suppliers. (Doc. Nos. 189 at 3–4; 192.) By extension, the court therefore finds that defendant's unredacted memorandum should not appear on the public docket. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome" the strong presumption in favor of access.).

/////

---

[2] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

1  Here, having weighed the interests advanced by the parties in light of the public interest
2  and the duty of the court, defendant's request to file this document under seal pursuant to Local
3  Rule 141 will be granted.
4  Accordingly,
5  1. Defendant's request to seal (Doc. No. 197) is granted; and
6  2. The court orders that the unredacted and redacted versions of defendant's
7  memorandum of law and points of authorities in support of its motion to dismiss
8  the amended complaint be sent via email to ApprovedSealed@caed.uscourts.gov
9  for filing under seal on the docket.
10 IT IS SO ORDERED.
11 Dated: **December 1, 2020**
12  UNITED STATES DISTRICT JUDGE