UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MENDOZA, et al., | No. 1:20-cv-01133-DAD-BAM |
| Plaintiffs, | |
| v. | ORDER GRANTING REQUEST FOR REDACTION |
| ELECTROLUX HOME PRODUCTS INC., et al., | (Doc. No. 200) |
| Defendants. | |

On December 1, 2020, defendant Midea Microwave and Electrical Appliances Manufacturing Co. Ltd. ("Midea China") filed a motion to dismiss in this action. (Doc. No. 199.) In connection with that motion, defendant filed an *ex parte* motion requesting a court order authorizing the redaction of documents in an exhibit to a declaration filed in support of its motion to dismiss. (Doc. No. 200.)

Defendant contends that filing a redacted version of the documents in question is warranted because they reflect trade secrets. According to defendant, the purchase orders at issue identify per unit pricing information between defendant Midea China and defendant Electrolux Home Products, Inc., information which is not otherwise publicly available. (Doc. No. 200 at 2.) Further, according to defendant, the information to be redacted provides pricing terms that cannot be ascertained from publicly available documents. (*Id.* at 2–3.) Moreover, defendant contends

1

the information to be redacted are irrelevant to the claims at issue in this action, and that the documents were included only to demonstrate the location where defendant Electrolux took possession of the microwaves at issue. (*Id.* at 3.) Therefore, defendant asserts, compelling reasons exist to permit its requested redaction of the documents. (*Id.*)

Both the Ninth Circuit Court of Appeals and various district courts within this circuit have defined a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement of Torts § 757, cmt. b); *see also Forro Precision, Inc. v. Int'l Bus. Mach. Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982); *Beaulieu Grp., LLC v. Bates*, No. 5:15-cv-01090-JGB-KK, 2016 WL 7626471, at *2 (C.D. Cal. Oct. 18, 2016); *Song Yi Chung v. Ford Motor Co.*, No. 1:13-cv-00604-JMS-RLP, 2015 WL 4999677, at *2 (D. Haw. Aug. 20, 2015); *St. Clair v. Nellcor Puritan Bennett LLC*, No. 2:10-cv-01275-LOA, 2011 WL 5335559, at *1 (D. Ariz. Nov. 7, 2011). Similarly, under California law a trade secret must "[d]erive[ ] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use," and must also be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d); *PMMR, Inc. v. Chaloner*, No. 8:14-cv-01968-DFM, 2015 WL 13283060, at *3 (C.D. Cal. Feb. 12, 2015). Pricing terms are the sort of information which may be a protectable trade secret in California. *See In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (describing pricing terms as "information that plainly falls within the definition of 'trade secrets'")[1]; *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, No. 5:18-cv-01882-JGB-SHK, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) ("Courts also routinely find that non-public financial, pricing, and strategy information could harm litigants' competitive standing and grant motions to seal such information."). Defendant asserts that the pricing terms in question here have independent economic value derived from the fact that they are not generally known, and that defendant has

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

"been continually treated as confidential information." (Doc. No. 200 at 2.) The court concludes the documents do reflect trade secrets.

Given this showing, the court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Here, while the motion to dismiss is case-dispositive and therefore of more interest to the public, the only information defendant seeks to redact are the per-unit pricing terms for the microwaves in the purchase orders between defendant Midea China and defendant Electrolux. This information is of comparatively little interest to the public, as it is not at issue for the claims in this action. When the court compares the relatively low level of importance for this particular information to the public with the potential for significant harm to defendant's business interests if the information was to be publicly disclosed, the court concludes defendant has shown compelling reasons for redaction.

Accordingly,

1. Defendant's request for the filing of redacted versions of these documents on the public docket (Doc. No. 200) is granted, and only the parties to this action and the court shall have access to the unredacted documents;
2. The court orders that the unredacted and redacted versions of the Declaration of Gerhard P. Dietrich in support of defendant's motion to dismiss be sent via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket.

IT IS SO ORDERED.

Dated:   **December 1, 2020**

_____
UNITED STATES DISTRICT JUDGE