UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MENDOZA, et al., an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO. LTD, et al.,<br><br>    Defendants. | No. 1:20-cv-01133-TLN-CKD<br><br>**ORDER** |

This matter[1] is before the Court on Defendants Electrolux Home Products, Inc. ("Electrolux"), Lowe's Home Centers, LLC ("Lowe's"), and Modesto Direct Appliance, Inc.'s ("Modesto") (collectively, "Defendants") Motion to Dismiss.[2]  (ECF No. 202.)  Plaintiffs Erika Mendoza ("Mendoza") and James Hunt ("Hunt") (collectively, "Plaintiffs") filed an opposition.

---

[1] The Court acknowledges the delay in the issuance of this Order.  The overwhelming caseload in the Eastern District of California has been well publicized.  On September 13, 2023, Chief Judge Kimberly Mueller reassigned this action to the undersigned following the appointment of Judge Ana de Alba to the Ninth Circuit Court of Appeals.  The Court prioritized resolution of this instant motion and the other pending motions to dismiss.

[2] There are eight named Defendants and ten Doe Defendants in this action.  Only Electrolux, Lowe's, and Modesto are parties to the instant motion.

1

(ECF No. 211.)  Defendants filed a reply.  (ECF No. 221.)  For the reasons set forth below, the Court GRANTS Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts as they are fully set forth in the Court's September 6, 2022 order.  (ECF No. 240.)  In short, Plaintiffs are California residents who allegedly suffered economic injury as the result of defective "over-the-range" ("OTR") microwaves, whose handles reached unsafe temperatures while the cooking surface below was in use (the "handle defect").  (ECF No. 194 at 2, 4, 6.)  Specifically, Plaintiffs allege Electrolux distributed and sold several of the microwaves at issue (the "Microwaves") throughout the United States and continued to sell the Microwaves even after learning of the handle defect.  (*Id*. at 8, 32.)  Plaintiffs also allege Lowe's and Modesto sold the Microwaves to Plaintiffs and represented to Plaintiffs that the Microwaves were safe for OTR use.  (*Id*. at 27.)

Plaintiffs initiated this putative class action on May 19, 2017, in Stanislaus County Superior Court against Electrolux.  (ECF No. 1.)  Electrolux removed this action to federal court and moved to transfer venue to the Middle District of Pennsylvania.  (ECF No. 1 at 2; ECF No. 4 at 50.)  Venue was transferred to the Middle District of Pennsylvania, where the Court consolidated this action with related actions pending in that district, *Rice v. Electrolux Home Products, Inc.*, No. 4:15-cv-00371-MWB, and *Mauro v. Electrolux Home Products, Inc.*, Case No. 4:18-cv-00539-MWB.  (ECF No. 153 at 2.)  On October 3, 2018, Plaintiffs filed an amended consolidated class action complaint against Electrolux, Midea Microwave and Electrical Appliances Manufacturing Co., Ltd. ("Midea China"), Modesto, Lowe's, Midea America Corp. ("Midea America"), Sharp Appliances Thailand Limited ("SATL"), and Sharp Manufacturing Company of America ("SMCA").  *Rice*, No. 14:15-cv-00371-MWB, ECF No. 173.  On August 13, 2020, the Middle District of Pennsylvania transferred this action back to the Eastern District of California.  (ECF No. 155.)

On November 13, 2020, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging Defendants violated California's Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), and the Song-Beverly Consumer Warranty Act ("Song-

Beverly Act"). (ECF No. 194.)  On November 30, 2020, Midea China, SAMC, SATL, and Midea America each filed separate motions to dismiss, and Electrolux, Lowe's, and Modesto filed a joint motion to dismiss. (ECF Nos. 196, 198, 199, 201, 202.)  On September 6, 2022, the Court granted SMCA's and SATL's motions to dismiss (ECF Nos. 196, 198) Plaintiffs' claims for lack of standing as to Plaintiffs' claims for injunctive relief only. (ECF No. 240.)  The Court also granted SMCA's and SATL's motion to dismiss (ECF Nos. 196, 198) under Rule 12(b)(2) for lack of personal jurisdiction with leave to amend. (ECF No. 240.)

In Defendants' instant motions to dismiss, Defendants move to dismiss Plaintiffs' UCL and CLRA claims and Mendoza's Song-Beverly claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6)[3]. (ECF No. 202.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

---

[3]  The Court notes Defendants are not moving to dismiss Hunt's Song-Beverly claim.

relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

*Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants move to dismiss Plaintiffs' claims under the UCL and CLRA and Mendoza's Song-Beverly claim under Rule 12(b)(6). (ECF No. 202.) Specifically, Defendants argue Plaintiffs' claims under the UCL and CLRA fail as a matter of law because Plaintiffs fail to sufficiently allege reliance on Defendants' conduct in the FAC. (*Id*. at 6.) Defendants also argue the Court must dismiss Mendoza's Song-Beverly claim because it is time-barred. (*Id*.) The Court will address each of Defendants' arguments in turn.

#### A.   Plaintiffs' UCL and CLRA Claims

Plaintiffs allege Defendants violated the UCL and CLRA because the Microwave's OTR designation "is false and misleading due to Defendants' concealment of the [h]andle [d]efect." (ECF No. 211 at 6.) "An essential element for a fraudulent omission claim is actual reliance." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). Defendants argue both Plaintiffs' UCL and CLRA claims must be dismissed because Plaintiffs have not sufficiently alleged they were exposed to or relied on a misleading omission from Defendants prior to purchasing their Microwaves. (ECF No. 202 at 12.) In opposition, Plaintiffs argue they have alleged reliance sufficient to establish violations of the UCL and CLRA under a "pure omissions

theory" and a "partial omissions theory." (ECF No. 211 at 12.)

*i. Pure Omission*

Plaintiffs argue they "have properly pled reliance for their pure omissions claims in Defendants' failure to disclose the [h]andle [d]efect." (ECF No. 211 at 13.) "To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct." *Daniel*, 806 F.3d at 1225. "A plaintiff need not prove that the omission was the only cause or even the predominant cause, only that it was a substantial factor in his decision." *Id*. Put differently, a plaintiff can allege their reliance "by simply proving 'that had the omitted information been disclosed, one would have been aware of it and behaved differently.'" *Id*. (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)).

Under California law, "[t]hat one would have behaved differently can be presumed, or at least inferred, when the omission is material." *Id*. "Alleged defects that create unreasonable safety risks are considered material." *Id*. Materiality is judged from the perspective of a "reasonable consumer." *Id*.

Plaintiffs argue they have sufficiently pled they would have behaved differently because "the alleged [h]andle [d]efect concerns an unreasonable safety risk and was knowingly omitted from disclosure." (ECF No. 211.) The Court agrees with Plaintiff. A reasonable factfinder could infer microwaves, whose stainless-steel handles reach temperatures in excess of 131 degrees Fahrenheit when the cooking surface below is in use, would pose an unreasonable safety risk. Plaintiffs have sufficiently alleged the Microwave's handles exceeded 131 degrees Fahrenheit which violates applicable safety standards. (ECF No. 194 at 28–29.) Thus, the Court finds the omission of this information is material, such that it can be presumed it would have impacted Plaintiffs' decisions to purchase the Microwaves had Defendants disclosed the handle defect.

However, that is not the end of the Court's inquiry. Plaintiffs must also sufficiently allege they would have been aware of the handle defect had Defendants disclosed it. *Sanchez v. Wal Mart Stores, Inc.*, No. CIV206CV02573JAMKJM, 2009 WL 2971553, at *2 (E.D. Cal. Sept. 11, 2009) (To succeed on a claim for violation of the UCL or CLRA, a "plaintiff must show that had the omitted information been disclosed, one would have been aware of it."). While "[t]ypically,

1 averments of fraud must be accompanied by 'the who what where and how' of the misconduct
2 charged, pure omissions claims 'can succeed without the same level of specificity required by a
3 normal fraud claim.'" *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1018 (N.D. Cal. 2020)
4 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "This is because a plaintiff
5 alleging an omission-based fraud will 'not be able to specify the time, place, and specific content
6 of an omission as would a plaintiff in a false representation claim." *MacDonald v. Ford Motor*
7 *Co.*, 37 F. Supp. 3d 1087, 1096 (N.D. Cal. 2014) (quoting *Baggett v. Hewlett-Packard Co.*, 582 F.
8 Supp. 2d 1261, 1267 (C.D. Cal. 2007).  However, at a minimum, a plaintiff must allege they read,
9 viewed, or heard something before making their purchase which would have made them aware of
10 the alleged omission.  *See Kouball v. SeaWorld & Entertainment, Inc.*, No. 20-CV-870-CAB-
11 BGS, 2020 WL 5408918, at *4 (S.D. Cal. Sept. 9, 2020), *aff'd*, No. 20-56069, 2021 WL 4947877
12 (9th Cir. Oct. 25, 2021); *see also Anderson*, 2020 WL 6710101, at *16 (Plaintiffs must establish a
13 "plausible method of disclosure.")
14 In the instant case, Defendants argue Plaintiffs have failed to identify any statement made
15 by Defendants, which Plaintiffs relied on, that would have made them aware of the alleged
16 omission.  (ECF No. 221 at 7.)  In the FAC, the only statements Plaintiffs allege they relied on
17 prior to purchasing the Microwaves was the "Microwaves' designation and representation as an
18 'Over-The-Range' Microwave."  (ECF No. 194 at 21, 54.)  Plaintiffs allege this designation led
19 them to believe they could always use the Microwaves' handles, even if the cooking surface
20 below was in use.  (*Id*. at 54.)  However, outside of the Microwave's OTR designation, Plaintiffs
21 have not alleged they reviewed any specific claims or statements prior to purchasing the
22 Microwaves made by Defendants on either the Microwaves' packaging or advertisements which
23 could have made them aware of the handle defect.  While Plaintiffs allege the OTR designation
24 appeared on "all documents relating to Plaintiffs' purchases, including the sales documents
25 memorializing their purchases; the exterior packaging containing the Microwaves; and all
26 documents describing the Microwave and its operation," Plaintiffs do not allege they viewed or
27 read these documents prior to purchasing their Microwaves.  (ECF No. 211 at 17.)  Thus, even
28 drawing all reasonable inferences in Plaintiffs' favor and considering "the inherent limitations of

1  an omission claim," the Court finds it would not be plausible for Plaintiffs to come across

2  Defendants' disclosure of the handle defect by relying on the Microwave's OTR designation

3  alone. *MacDonald*, 37 F. Supp. 3d at 1096; *see also Davidson v. Apple, Inc.*, No. 16-CV-04942-

4  LHK, 2017 WL 976048, at *10 (N.D. Cal. Mar. 14, 2017) (dismissing fraudulent omission claims

5  where plaintiffs did "not allege that they reviewed or were exposed to any information,

6  advertisements, labeling, or packaging by Defendant" prior to purchase). Thus, the Court finds

7  Plaintiffs have not sufficiently alleged they would have been aware of the handle defect had

8  Defendants made a disclosure regarding the handle defect. Accordingly, the Court finds Plaintiffs

9  have not sufficiently pleaded reliance under a pure omission theory.

*ii. Partial Omission Theory*

11  A partial omission is actionable when a defendant "makes partial representations but also

12  suppresses some material facts." *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal.

13  2010) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)). Plaintiffs allege the

14  Microwave's OTR designation is a partial omission because it does not warn consumers of the

15  alleged handle defect. (ECF No. 211 at 16.)

16  Unlike in a pure omissions case, a plaintiff in a partial omissions case must plead it relied

17  on an affirmative representation and will "be able to specify the time, place, and specific content

18  of an omission as would a plaintiff in a[n affirmative] false representation claim." *MacDonald*,

19  37 F. Supp. 3d at 1096. "This is because what is misleading about a partial representation is that

20  the affirmative representation is not accompanied by the omitted information." *Anderson*, 500 F.

21  Supp. 3d at 1019.

22  In the instant case, Plaintiffs allege they relied upon Defendants' affirmative

23  representation that the Microwaves were OTR microwaves which "appear[ed] on all documents

24  relating to the Plaintiffs' purchase, including the sales documents memorializing their purchases;

25  the exterior packaging containing the Microwave; and all documents describing the Microwave

26  and its operation." (ECF No. 211 at 17.) However, as Defendants argue and as the Court

27  previously noted, Plaintiffs do not allege in the FAC that they relied on any of these documents

28  when purchasing their Microwaves. (ECF No. 221 at 7.) Rather, Plaintiffs only allege "they

8

relied on the Microwaves' designation and representation as an 'Over-The-Range' Microwave." (ECF No. 194 at 54.) Moreover, the Court finds the OTR designation itself does not constitute an "affirmative representation" that the Microwaves were safe for use while the cooking surface below was in use. Specifically, Plaintiffs have not alleged the OTR designation included any accompanying statement or depiction regarding use of the Microwave. *See Kulp v. Munchkin, Inc.*, No. 2:22-CV-09381-WLH-E, 2023 WL 4843340, at * 6 (C.D. Cal. June 21, 2023). Without pleading Plaintiffs relied on an affirmative representation that the Microwaves could be used at all times, Plaintiffs have not plead Defendants made a partial omission regarding the handle defect. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (concluding that, "in the absence of any statement or other depiction anywhere on the package about lip product accessibility" there was no partial omission regarding the inaccessibility of the product). Thus, the Court finds Plaintiffs have not sufficiently alleged reliance under a partial omission theory.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' claims under both the UCL and CLRA with leave to amend.

B.     Mendoza's Song-Beverly Claim

Plaintiffs allege Defendants breached the implied warranty of merchantability under the Song-Beverly Act because the Microwaves were unmerchantable due to the handle defect. (ECF No. 194 at 55–56.) Defendants move to dismiss Mendoza's Song-Beverly claim as time-barred because "she did not bring her claim within one year after purchasing her microwave." (ECF No. 202 at 16.)

"The Song-Beverly Act does not include its own statute of limitations." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009). Instead, "the statute of limitations for an action for breach of warranty under the Song–Beverly Act is governed by . . . the Uniform Commercial Code: section 2725." *Id.*; *see also Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112, 132 (1995); *Carrau v. Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 297 (2001). Under § 2725, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," and "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Cal. U. Com. Code

1 § 2725 subds. (1), (2). Section 2725 further states, "[b]y original agreement the parties may
2 reduce the period of limitation to not less than one year but may not extend it." *Id.*
3     Defendants contend "Electrolux limited the statute of limitation to one year, as it is
4 permitted to do under the law." (ECF No. 202 at 17.) Defendants further argue "Mendoza's
5 claim accrued upon delivery of the microwave in December 2014, and the statute of limitation ran
6 in December 2015." (*Id.*) As such, Defendants argue Mendoza's claim is time barred because
7 she did not bring her claim until May 2017. (*Id.*)
8     In opposition, Plaintiffs first argue California law prohibits Electrolux from modifying the
9 four-year statute of limitations governing claims under the Song-Beverly Act to one year. (ECF
10 No. 211 at 24.) In support, Plaintiffs cite Judicial Council of California Civil Jury Instruction
11 3222 which states:

> Under the California Uniform Code, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (Cal. U. Com. Code, § 2725(1).) ***Presumably, this provision does not apply to claims under the Song-Beverly Act***. (See Civ. Code, §§ 1790.1 [buyer's waiver of rights under Song-Beverly Act is unenforceable], 1790.3 [in case of conflict, provisions of Song-Beverly Act control over Cal. U. Com. Code].)

16 Jud. Couns. of Cal. Civ. Jury Instruction 3222 (emphasis added). In reply, Defendants cite a
17 string of cases and argue "courts recognize that § 2725(1) permits the statute of limitations to be
18 reduced to one year and Song-Beverly claims are not exempt from this portion of § 2725(1)."
19 (ECF No. 221 at 11.)
20     Defendants are correct. District courts in the Ninth Circuit have found § 2725(1) does
21 allow entities to limit the statute of limitations for claims under the Song-Beverly Act to one year.
22 *See Comley v. Giant Inland Empire RV Ctr., Inc.*, No. EDCV130992GAFOPX, 2014 WL
23 12470016, at *5 (C.D. Cal. May 13, 2014); *Hardt v. Chrysler Grp. LLC*, No.
24 SACV1401375SJOVBKX, 2015 WL 12683963 (C.D. Cal. Mar. 16, 2015).
25     Moreover, Plaintiffs do not cite any cases where courts have found entities may not limit
26 the statute of limitations for implied warranty claims under the Song-Beverly Act to one year, nor
27 have Plaintiffs cited any authority on what weight to give California Judicial Council Instructions
28 or how to apply Civil Jury Instruction 3222 to § 2725(1). As such, the Court declines to interpret

1    the applicability of Civil Jury Instruction 3222 to this action, and finds it was appropriate for
2    Electrolux to limit the statute of limitations for claims under the Song-Beverly Act to one year
3    based upon existing law.
4         Plaintiffs next argue, regardless of whether the statute of limitations for Mendoza's claim
5    under the Song-Beverly Act is one year or four years, under California law, Mendoza's claim did
6    not begin to accrue until Mendoza discovered the handle defect.  (ECF No. 211 at 24.)
7    Defendants argue this is a misstatement of law.  (ECF No. 221 at 11.)  The Court agrees with
8    Defendants.
9         "Courts have interpreted § 2725(2) to mean that an implied warranty is breached (and the
10   cause of action accrues) at the time of delivery."  *Matray v. Ford Motor Co.*, No. CV 11-7767-
11   GHK (CWX), 2011 WL 13221015, at *2 (C.D. Cal. Nov. 9, 2011).  Only in the case of an
12   express warranty, where a seller "has expressly agreed to warrant its product for a specific and
13   defined period of time," does the discovery rule apply.  *Cardinal Health 301, Inc. v. Tyco Elec.
14   Corp.*, 169 Cal. App. 4th 116, 130 (2008); *see also id*. at 134 ("Because an implied warranty is
15   one that arises by operation of law rather than by an express agreement of the parties, courts have
16   consistently held that it is not a warranty that 'explicitly extends to future performance of the
17   goods....'"); *Mitchell v. Skyline Homes*, No. CIV S–09–2241 DJM, 2010 WL 1791281, at * 1
18   (E.D. Cal. May 4, 2010) ("An implied warranty is one that arises by operation of law and thus
19   does not extend to future performance.").  Thus, under § 2725(2), Mendoza's implied warranty
20   claim accrued at the time of delivery as "the discovery rule only applies to express warranties."
21   *Matray*, 2011 WL 13221015 at *2.
22        Mendoza filed this action in May of 2017, more than two years after Mendoza initially
23   purchased her Microwave.  Thus, Mendoza's breach of implied warranty claim under the Song-
24   Beverly Act is barred by the one-year statute of limitations.
25         Accordingly, the Court GRANTS Defendant's motion to dismiss Mendoza's Song-
26   Beverly claim.  Although the Court has serious doubts as to Plaintiffs' ability to cure the
27   deficiencies in Mendoza's Song-Beverly claim, the Court will give Plaintiffs an opportunity to
28   amend based on the liberal standard in favor of granting leave to amend.  *See Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and request for leave should be granted with extreme liberality.").

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave to amend. (ECF No. 202.) Plaintiffs may file an amended complaint no later than twenty-one (21) days from the electronic filing date of the Court's order resolving the last of the currently pending motions to dismiss in this action. Electrolux, Lowe's, and Modesto shall file a responsive pleading no later than twenty-one (21) days from the electronic filing date of Plaintiffs' amended complaint. If Plaintiffs opt to not amend their complaint with regards to Plaintiffs' UCL and CLRA claims or Mendoza's Song-Beverly claim, then the Court will dismiss these claims and the only remaining claim against Defendants will be Hunt's Song-Beverly claim.

IT IS SO ORDERED.

Date: November 30, 2023

_____
Troy L. Nunley
United States District Judge